# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AYISHA ALI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COOK COUNTY, SHERIFF THOMAS )<br>DART, SHARON MACK, ANITA )<br>MATTHEWS-MCCALISTER, )<br>)<br>Defendants. ) | Case No. 18 C 6108<br><br>Judge Jorge L. Alonso |

## ORDER

Defendants' motion to dismiss [15] is granted. This case is dismissed without prejudice. Civil case terminated.

## STATEMENT

### I. Background

The following facts are taken from plaintiff's complaint and response brief. At this early stage of the case, the Court takes as true the allegations of the complaint as well as assertions made in the response brief, to the extent they are consistent with the complaint. *See Petrishe v. Tenison*, No. 10 C 7950, 2013 WL 5645689, at *1-2, 4, 6 (N.D. Ill. Oct. 15, 2013).

On October 2, 2014, plaintiff had a "verbal encounter" with defendants Sharon Mack and Anita Matthews-Mccallister, both of whom were Cook County Sheriff's deputies. (Compl. ¶ 9, ECF No. 1.) Afterward, plaintiff alleges, Mack and Matthews-Mccalister falsely accused plaintiff of spitting on or at Mack, and they arrested her. Based on their false accusations, the Cook County State's Attorney charged plaintiff with aggravated battery of a police officer, and plaintiff was convicted on August 31, 2017. Plaintiff has appealed the conviction.

Plaintiff filed suit against Mack, Matthews-Mccalister, Cook County, and its sheriff Thomas Dart on September 29, 2016, asserting a claim of false arrest in violation of her Fourth Amendment rights under 42 U.S.C. § 1983. *See* Compl., *Ali v. Cook County et al.*, Case No. 16 C 9361. On September 5, 2017, six days after her she was convicted in her criminal case, plaintiff moved to voluntarily dismiss her § 1983 case, and on September 6, 2017, this Court granted the motion. On September 6, 2018, plaintiff filed this case, designating it a refiling of Case Number 16 C 9361 and reasserting the § 1983 false arrest claim arising out of the October 2, 2014 incident.

## II. Legal Standards

"A motion under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555; that is, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ ] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013)

(quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). "Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

**III.  Analysis**

In support of their motion to dismiss, defendants make a single argument: plaintiff's claim is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" or otherwise expunged or invalidated. Until she can so prove, defendants argue, plaintiff "has no cause of action under § 1983," *id.* at 489, so the Court should dismiss this case.

In response, plaintiff concedes that, "for the moment, [her] case cannot proceed" because her claim is *Heck*-barred. But she has appealed her criminal conviction, and she argues that the Court should stay, not dismiss, this case while the appeal is pending because, if she wins the appeal and her conviction is reversed, then her claim will no longer be *Heck*-barred—but unless this case is stayed rather than dismissed, it will be time-barred.

Section 1983 claims borrow the statute of limitations for personal-injury torts in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Illinois, the relevant statute of limitations period is two years. *See id.*; *Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018). According to plaintiff, the applicable two-year limitations period expired during the pendency of her 2016 case, and she argues that after she voluntarily dismissed that case,

3

she had one year to refile it, under Illinois's savings statute, 735 ILCS 5/13-217.[1] *See Gosnell v. City of Troy, Ill.*, 59 F.3d 654, 656 (7th Cir. 1995) (holding that section 13-217 applies to § 1983 claims filed in federal court because "[w]hen absorbing a state period of limitations for § 1983 actions, federal courts take the state's tolling and extension rules as well, unless they are hostile to federal interests," which section 13-217 is not). If the case is dismissed again, plaintiff argues, she will be unable to avail herself of the savings statute a second time because the statute "permits one, and only one, refiling of a claim," regardless of the reason for the dismissal of the first refiling. *Timberlake v. Illini Hosp.*, 676 N.E.2d 634, 637 (Ill. 1997). To avoid this harsh result, plaintiff argues that the Court should stay this case under either the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37, 53 (1971), or pursuant to its own inherent authority to stay proceedings in the interest of justice. *See Horton v. Pobjecky*, No. 12-C-7784, 2013 WL 791332, (N.D. Ill. Mar. 4, 2013).

Defendants reply that the statute of limitations/savings issues plaintiff raises are irrelevant and, at this point, *Heck* requires the Court to dismiss this case, not stay it. Defendants cite *Ellis v. City of Chicago*, No. 13 C 2382, 2016 WL 212489, at *4 (N.D. Ill. Jan. 19, 2016), in which the plaintiff cited statute-of-limitations concerns in seeking a stay of a *Heck*-barred claim while his criminal appeal was pending, but the district court rejected the argument. The court recognized

---

[1] The Court notes that the effective version of section 13-217 is not the one most recently passed by the Illinois legislature, but the version that was in effect prior to the March 1995 amendment made in Public Act 89-7, which the Illinois Supreme Court subsequently declared unconstitutional in *Best v. Taylor Machine Works*, 689 N.E.2d 1057 (Ill. 1997); *see Hudson v. City of Chi.*, 889 N.E.2d 210, 214 n.1 (Ill. App. Ct. 2008) (quoting the language of the effective, pre-1995 version of section 13-217); *see also Watkins v. Ingalls Mem'l Hosp.*, 105 N.E.3d 789, 794 (Ill. App. Ct. 2018) (recognizing unconstitutionality of March 1995 amendment). The difference is material; under the invalidated 1995 amendment, the savings statute would not apply to voluntary dismissals.

4

that it is not only permissible but "common practice" for a district court to stay a false arrest claim while the plaintiff awaits trial in his criminal case, given that, unlike some other § 1983 claims, a false arrest claim often accrues long before conviction, as soon as "the arrestee is detained by a judge (in other words, when the arrest is no longer the source of the detention, and instead the judicial finding of probable cause is the basis for detention)." *Id.* But "'[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, [then] *Heck* . . . require[s] dismissal.'" *Id.* at *4 (quoting *Wallace*, 549 U.S. at 394).

The Court agrees with defendants that, under *Heck* and its progeny, it must dismiss, not stay, this case. If the language the *Ellis* court cited from *Wallace* is not clear enough, the Supreme Court's decision in *Edwards v. Balisok*, 520 U.S. 641, 649 (1997)—on which the Court relied in the pertinent part of *Wallace*—leaves no doubt. In *Balisok*, the Court specifically held that the district court judge had erred by staying a § 1983 case, rather than dismissing it, while the plaintiff sought review of a prison disciplinary decision that imposed a *Heck* bar:

> [W]e must add a word concerning the District Court's decision to stay this § 1983 action . . . rather than dismiss it. . . . This was error. We reemphasize that § 1983 contains no judicially imposed exhaustion requirement, *Heck*, 512 U.S. at 481; ***absent some other bar to the suit, a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed***.

*Id.* at 649 (internal citations omitted or altered) (emphasis added). Plaintiff's claim is not cognizable because, if proved, it would invalidate an "outstanding criminal judgment." *Heck*, 512 U.S. at 487. The claim will only become cognizable if that criminal judgment is "reversed, expunged, invalidated or impugned" on appeal or by some proper avenue of collateral review; *id.* at 489; as long as the conviction remains "extant," *Wallace*, 549 U.S. at 393, plaintiff effectively has no claim. Under *Balisok*, that means this Court is required to dismiss, rather than stay, this

5

case.

Neither of plaintiff's suggested bases for staying the case—the *Younger* abstention doctrine and a district court's inherent power to stay proceedings in the interests of justice—is of any help to her because, under the above-cited case law, there is nothing to stay; plaintiff does not have a cognizable claim until her conviction is overturned. Illustrative of the point is *Simpson v. Rowan*, 73 F.3d 134, 135 (7th Cir. 1995), in which the § 1983 plaintiff, convicted of felony murder, raised numerous constitutional claims, including unlawful search and arrest claims under the Fourth Amendment as well as claims of malicious prosecution and conspiracy. The Seventh Circuit explained that the Fourth Amendment claims were not *Heck*-barred because they did not necessarily imply the invalidity of the plaintiff's conviction; the plaintiff could have been a victim of a wrongful search and arrest but still been actually guilty of the crime. Therefore, the Seventh Circuit ordered the district court to stay (not dismiss) the Fourth Amendment claims under *Younger* while plaintiff's criminal appeal was pending, explaining that "a stay allows the state case to go forward without interference from its federal sibling, while enforcing the duty of federal courts to assume jurisdiction where jurisdiction properly exists." *Id.* at 139 (internal quotation marks omitted). But the malicious prosecution and conspiracy claims, the court held, were *Heck*-barred, and the Seventh Circuit directed the district court to dismiss them, without considering a stay. *Id.*

*Simpson* demonstrates that a stay only becomes possible (indeed, it becomes necessary) if the plaintiff has a valid, cognizable § 1983 claim, but allowing it to proceed would interfere with an ongoing state criminal case. When the plaintiff's claim is *Heck*-barred, on the other hand, it must be dismissed because there is no cognizable claim over which the court may "assume jurisdiction."

Plaintiff accuses Mack and Matthews-Mccalister of causing her arrest based on a fabricated account of her conduct, and it was that very conduct that formed the crime she was convicted of committing. The parties agree that, under these circumstances, plaintiff's claim is *Heck*-barred because it necessarily implies the invalidity of her conviction. The Court cannot ignore the clear command of *Balisok* that a *Heck*-barred claim "should be dismissed" because it is not cognizable. 520 U.S. at 549. This Court has no option but to dismiss plaintiff's claim.

The cases plaintiff cites are not to the contrary. In *Robinson v. Lother*, for example, the court stayed the case pursuant to the *Younger* doctrine despite the fact that the complaint asserted at least some apparently *Heck*-barred claims, but the court specifically noted that the defendants had filed only a motion to stay, not a motion to dismiss, so it "need not address at this time any argument based on *Heck*." No. 04 C 2382, 2004 WL 2032120, at *6 (N.D. Ill. Sept. 1, 2004). This Court doubts whether that reasoning is correct and consistent with *Heck* and *Balisok*, but regardless, this case is different because defendants *have* moved to dismiss, and, as the Court has explained, dismissal is the correct result when a claim is barred under *Heck* and its progeny. *Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881-82 (N.D. Ill. 2005), is even more readily distinguishable: in *Doe*, the court stayed the case pursuant to its inherent powers because a *defendant* in the § 1983 civil rights case was also a defendant in a related state criminal case. The *Heck* doctrine simply did not apply.

The Court acknowledges that the decision it makes in this case is harsh for plaintiff, and perhaps even worse, the harsh result appears to be one of plaintiff's own making. It seems that plaintiff had no need to refile this case in 2018 to take advantage of the protection of the savings

7

statute[2]; she could have simply waited until her conviction was overturned and refiled it then because, after her conviction, the limitations period was no longer running. In *Wallace*, the Supreme Court explained that it never intended for *Heck* to effectively bar a timely-filed false arrest suit merely because the plaintiff suffers the misfortune of being wrongfully convicted:

> Had petitioner filed suit upon his arrest and had his suit . . . been dismissed under *Heck* [upon his conviction], the statute of limitations, absent tolling, would have run by the time he obtained reversal of his conviction. If under those circumstances he were not allowed to refile his suit, *Heck* would produce immunity from § 1983 liability, ***a result surely not intended***. Because in the present case petitioner did not file his suit within the limitations period, we need not decide, had he done so, how much time he would have had to refile the suit once the *Heck* bar was removed.

549 U.S. 384, 395 n. 4 (2007) (emphasis added); *see Ellis*, 2016 WL 212489, at *6 (explaining, citing this portion of *Wallace*, that a false-arrest plaintiff "*can* refile his claim if he is successful in overturning his conviction," although "[h]ow much time [he] will have to do so is not clear (to avoid testing the limits, he should do it as soon as possible)"). At the time she filed this suit, plaintiff's claim was still not cognizable, as if it had not accrued or the limitations period was tolled. "*Wallace* makes clear that [she would have had] at least . . . some time to refile" if she had waited until her conviction was overturned. *Ellis*, 2016 WL 212489, at *6.

For purposes of the present motion, it makes no difference. To stay this case would be to make the very error that the Supreme Court identified in *Balisok*. Regardless of any procedural

---

[2] In fact, the savings statute may not have saved her anyway. Plaintiff counted the yearlong savings-statute period from the time the Court closed the 2016 case, but it may be that she should have counted from the time she filed her "motion" to voluntarily dismiss the case. Some courts have held that such motions, if filed prior to any answer, are effectively notices of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i), which operate to dismiss the case without any court order. *See* Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2363 (3d ed.) (citing cases holding that "a notice in the form of a motion is sufficient," as well as a lesser number of cases holding the opposite). But neither party raises the issue, and the Court need not reach it.

consequences that state law might impose, dismissal is the only option because plaintiff has not stated a cognizable claim.

**SO ORDERED.**                     **ENTERED: May 29, 2019**

_____
**HON. JORGE ALONSO
United States District Judge**